OPINION of the Court, by
Ch. J. B0YLE.-
The plaintiff in error, being the owner of a warehouse to which a public road led in a route somewhat -circuitous, *79 applied to the county court of Franklin for the establishment of an additional road, leading from his warehouse in a more direct course to a given point on the other road ; and the county court having refused to establish the road, he has brought this writ of error.
applicant camct maintain a writ '* j”’ countof his ⅛-tereft in the pro* pofed road Wou)’
The first question material to be decided, is, whether the plaintiff has shewn such an interest as entitles him to maintain a writ of error ? We are of opinion he has not done so. By a series of cases determined in this court for the last ten years, the principle is well settled, that no one whose private rights are not particularly affected, can maintain awrit of error to an order establishing, or refusing to establish a public road. Between those cases to which this principle has been applied, and the present one, we can perceive no distinction which will justify us in making this case an exception from the operation of the principle. It is indeed true that the plaintiff in error might derive incidentally an advantage from having a more direct and convenient road to bis warehouse ¡ but this kind of interest is not sufficient. In the case of Barr and Teiser vs. the county court of Fayette, (vol. 1, 292) where one of the plaintiffs was a merchant and the other a tavernkeeper, they had the same sort of interest, and yet the court held that they could not maintain a writ of error. The interest must be a direct interest in the thing or subject which is the matter of controversy : for it is a rule that no one can maintain a writ óf error who would not be entitled to Ihe thing in contest, if the judgment were reversed. Now it is plain that the plaintiff in this ease, if the road were established, could have no other right in it, or to the use of it, than any other citizen of the community. In fact the assignment of error in this case questions the correctness of the decision of the inferior court, on the score of public convenience only, without alleging any injury to have accrued from that decision to the private rights of the plaintiff in error.
It was suggested in the argument, that there was a statute of Virginia, giving to the owner of a warehouse a right to have a public road leading to his warehouse. But we have not been able to find such a statute, and if such a one exists, it is evidently inapplicable to this case, since there is already a public road which leads to the plaintiff’s warehouse } and the question, therefore, *80 in this case, is not whether he shall have one, but whether he shall have two public roads to his warehouse from the same point.
The Writ of error must therefore be dismissed with costs.